IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE MOLINAR, § | | |
| § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. | |
| v. § | 3:08-CV-1430-M | |
| § | | |
| LAW OFFICE OF PAUL J. COLEMAN, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's Motion for Entry of Judgment by Default [Docket Entry # 7]. This action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") commenced on August 14, 2008, and the docket sheet reflects that the Defendant was properly served with the summons and Complaint on September 4, 2008. Defendant has failed to respond or otherwise appear in this lawsuit. As a result, the Clerk made an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on October 10, 2008. Now, having considered the Motion, the Court finds that it should be **GRANTED,** and hereby enters **FINAL JUDGMENT BY DEFAULT** against the Defendant in this case.

## BACKGROUND

The Plaintiff, George Molinar, makes the following uncontested allegations: Plaintiff is a Dallas County resident and a "consumer" as defined by the FDCPA;[1] Defendant Law Office of Paul J. Coleman is a corporation engaged in the business of collecting consumer "debt" as defined by the FDCPA;[2] and Defendant regularly attempts to collect debt allegedly due another

---

[1] 15 U.S.C. §1692a(3) (1998).
[2] 15 U.S.C. §1692a(5).

1

by mail and telephone and therefore falls within the FDCPA's definition of a "debt collector."[3]
Plaintiff further claims that at various times prior to the filing of the Complaint, including within one hundred and fifty days preceding the filing of the Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt. Plaintiff alleges that Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Failure to cease communication with Plaintiff after receiving a Cease and Desist letter from Plaintiff regarding his account as required under §1692c(c);

b) Failure to notify Plaintiff in certain telephone calls that the communication was from a debt collector as required under §1692e(11); and

c) Failure to notify Plaintiff of his rights as a consumer pursuant to § 1692(g), including failure to notify Plaintiff that he has a right to dispute the debt as required under §§1692g(a)(3)-(5).

As a result of these alleged violations of the FDCPA, Plaintiff claims that he suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and asks the Court for various forms of relief including actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.[4]

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 55(a) provides that the clerk must enter a party's default when that party, against whom a judgment for affirmative relief is sought, has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise.[5] Rule 55(b) requires the plaintiff to apply to the district court in order to obtain a *judgment* by default. Under Rule 55(b)(2), the court "may conduct hearings or make referrals—preserving any federal

---

[3] 15 U.S.C. §1692a(6).
[4] The Complaint is not clear as to the relief actually sought. Subsection (e) on the last page of the Complaint includes forms of relief requested in previous subsections (such as "actual damages" and "statutory damages"), but also asks for additional forms of relief such as "exemplary damages" and "emotional/mental anguish damages." The Court, however, will only enter judgment as to the damages properly recoverable under the statute, and properly substantiated by the pleadings.
[5] FED. R. CIV. P. 55(a).

statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." However, where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, and where a hearing would not otherwise be beneficial, a hearing is not required.[6] Finally, additional requirements for entering a judgment by default apply where judgment is sought against a minor, an incompetent person, or the United States, its officers, or its agencies.[7]

## ANALYSIS

### A. Default Judgment

Because the Defendant has failed to appear in this case, the Court must accept the Plaintiff's allegations as true, and hereby finds that the Defendant violated the FDCPA by failing to: 1) notify the Plaintiff that certain communications were from a debt collector; 2) cease communications with the Plaintiff after receiving a Cease and Desist letter; and 3) notify the Plaintiff of his right to dispute the debt. The Court further determines that Defendant is not an agency of the United States, and therefore no additional proof is required to enter judgment by default under Rule 55(d). Accordingly, the Plaintiff is entitled to an award of damages, and since the Court can determine that amount with certainty from the pleadings, no hearing is required.

### B. Damages

The following forms of recovery are available under §1962k of the FDCPA: 1) actual damages; 2) "additional," or "statutory," damages; and 3) reasonable attorney's fees, costs and

---

[6] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).
[7] *See* FED. R. CIV. P. 55(b)(2) and (d).

expenses.[8]

   *1. Actual Damages*

Paragraph five of the Complaint alleges that "Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress," and states that Defendant is liable to Plaintiff for actual damages. The Complaint further requests actual damages in its conclusion. However, the Court finds the Complaint and the accompanying affidavits in support of default judgment completely devoid of any facts that would support an award of actual damages. In fact, Plaintiff's own Motion for Entry of Judgment by Default fails to request actual damages. As a result, the Court hereby denies Plaintiff's request for actual damages.

   *2. Statutory Damages*

Plaintiff requests statutory damages in the maximum amount of $1,000.00. The statute provides, in relevant part, that "[a]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . such additional damages as the court may allow, but not exceeding $1,000.00."[9] This provision has been routinely interpreted to limit the maximum amount available per action or proceeding, not per statutory violation.[10] Although the Plaintiff is eligible to receive up to $1,000.00, it is within the discretion of the court to assess the proper amount of damages in each case.[11]

"In determining the amount of liability…the court shall consider, among other relevant factors… the frequency and persistence of noncompliance by the debt collector, the nature of

---

[8] *See* 15 U.S.C. §1692k(a). The court will refer to the award of "additional" damages as "statutory damages," as the statute itself specifically provides for an additional award of damages up to $1000.00.
[9] 15 U.S.C. §1692k(a)(2)(A).
[10] *See e.g., Peter v. GC Servs. L.P.*, 310 F.2d 344, 352 (5th Cir. 2002).
[11] 15 U.S.C. §1692k(b); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 832-33 (11th Cir. 1989).

such noncompliance by the debt collector, and the extent to which such noncompliance was intentional…"[12] A Plaintiff need not establish malice, but a mere technical or bona fide error may be a defense to recovery under the statute.[13]

In this case, Plaintiff alleges "[a]t various and multiple times prior to the filing of the instant complaint… Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt."[14] Plaintiff's affidavit states that he "sent a cease and desist letter to the Defendant and was contacted thereafter regarding my account," and "I received telephone calls from the Defendant where the Defendant failed to inform me that the call was initiated by a debt collector." Taking these allegations as true, the Court finds the evidence sufficient to establish that the communications from Defendant were repeated, but cannot determine the nature or frequency of the communications, or determine if the violations were intentional. Therefore, the Court finds an award of $250.00 in statutory damages appropriate to compensate the Plaintiff for the violations as alleged.[15]

3. *Costs and Attorney's Fees*

Plaintiff seeks to recover costs and attorney's fees totaling $3,300.00. Section 1692k(a)(3) provides that "in the case of any successful action to enforce the foregoing liability, [the defendant is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court."[16] In the Fifth Circuit, a court should not award costs and attorney's

---

[12] 15 U.S.C. §1692k(b)(1); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir. 1997).
[13] *See* 15 U.S.C. §1692k(c); *Taylor*, 103 F.3d 1232.
[14] *See* Original Complaint at ¶4.
[15] *See e.g.*, *Cole v. Truelogic Fin. Corp.*, No. 07-0388, 2009 WL 261428 at *2 (W.D.N.Y. Feb. 4, 2009) (granting default judgment and awarding $500 to plaintiff when defendant "intentionally" violated the FDCPA); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995) (granting consumer award of $350 in statutory damages for multiple violations of FDCPA where consumer neither pled nor proved actual damages); *Strange v. Wexler*, 796 F. Supp. 1117, 1120 (N.D. Ill. 1992) (awarding $250 in statutory damages to plaintiff when attorney improperly sought attorney fees in addition to underlying debt).
[16] 15 U.S.C. §1692k(a)(3).

fees when the plaintiff does not receive a monetary award on his claim for actual or statutory damages.[17]

In this case, the Plaintiff has prevailed on his claim for statutory damages, and is therefore entitled to recover reasonable court costs and attorney's fees under the statute. Plaintiff requests court costs in the amount of $500.00,[18] as well as $2,300.00 in attorney's fees to date, plus $500.00 in anticipated collection costs, for a total amount of $3,300.00 in costs and attorney's fees.

The affidavit of Susan Landgraf attests to the actual attorney hours worked on the case, and time sheets are attached to substantiate her claims. Having tallied the increments of time reflected on these time sheets, the Court finds that a total of thirteen attorney hours are accounted for. Taking the Plaintiff's request for attorney's fees in the amount of $2,300.00, and dividing it by the total number of attorney hours accounted for in the time sheets, the Court finds that Ms. Landgraf is charging an hourly rate of approximately $175.00. The Court finds that both this hourly rate and the amount of time spent on this case are reasonable, and should therefore be recovered from the Defendant.

However, Plaintiff cites no authority for an award of anticipated collection costs. The plain language of the statute states that "the costs of the action" itself may be recovered, but does not provide for costs incurred in enforcing a resulting judgment.[19] Therefore, the Court declines to award damages for anticipated collection costs. The Court finds all other costs to be reasonable and recoverable. Therefore, the Court finds a total award for costs and attorney's fees

---

[17] *See Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996).
[18] According to the affidavit of Susan Landgraf, one of Plaintiff's attorneys in this matter, the total amount of "costs" includes the cost of filing the Complaint, $350.00, and the process server fees, $150.00, for a total of $500.00 in costs.
[19] *See e.g.*, *Gervais v. O'Connell, Harris & Assoc., Inc.*, 297 F.Supp.2d 435, 440 n.1 (D. Conn. 2003) ("Plaintiff also asked this Court to award him the likely fees that he will incur in enforcing this judgment. However, at the hearing, plaintiff acknowledged that he did not have any legal authority that would permit the Court to make such an award, and the Court declines to do so.").

in the amount of $2,800.00 to be appropriate in this case.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion for Entry of Judgment by Default, and enters Final Judgment in the following manner:

1. The Court finds that Defendant Law Office of Paul J. Coleman violated the FDCPA , which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. As a result, Plaintiff shall recover from the Defendant statutory damages in the amount of $250.00, pursuant to 15 U.S.C. §1692k(a)(2)(A).

3. Plaintiff shall also recover from the Defendant costs and attorney's fees in the total amount of $2,800.00, pursuant to 15 U.S.C. §1692k(a)(3).

4. Plaintiff shall recover from the Defendant interest on all amounts awarded, pursuant to 28 U.S.C. §1961, at the rate of .60% per annum, compounded annually, beginning on the date of this judgment until paid.

SO ORDERED this 20th day of February, 2009.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**